[No. 4,060.]

## P. C. LANDER v. JOHN B. BEERS and MARY E. BEERS.

Rule when Testimony consists of Depositions.—When the testimony in the Court below is in the form of depositions, the Supreme Court, on appeal, will re-examine it, and is not bound by the rule which forbids disturbing a judgment where there is a conflict in the evidence.

Fraudulent Sale of Property.—When a father, for the purpose of defrauding his creditors, purchases property and causes the same to be conveyed to a daughter, a Court of equity will, at the suit of a judgment creditor, declare the deed fraudulent and void.

Appeal from the District Court, Third Judicial District, County of Alameda.

The plaintiff, on the 15th day of October, 1870, recovered a judgment against the defendant, John B. Beers, for two thousand nine hundred and seventy-four dollars, on a debt for money loaned. Two executions were issued on the judgment, on the 27th day of November, 1871, one to the

Sheriff of Alameda county, and the other to the Sheriff of San Francisco, both of which were returned unsatisfied. The defendant, Mary E. Beers, was the daughter of the other defendant, who was a dentist by profession. The complaint alleged that the defendant, John B., in 1867, purchased certain lots in the city of Oakland, and that the same were then (December 15, 1871,) worth eight thousand dollars, and that the defendant purchased them with his own money, but, for the purpose of defrauding his creditors, had, when he purchased them, caused them to be conveyed to his daughter, the other defendant. The suit was in equity to have the deed to defendant Mary declared fraudulent and void, so that an execution might run against the property. The Court below dismissed the bill, and the plaintiff appealed.

The other facts are stated in the opinion.

*Currey & Evans,* for the Appellant.

*Hunt & Rising,* for the Respondent.

By the COURT:

The evidence upon which the Court below rendered judgment for the defendants, and denied the motion of the plaintiff for a new trial, is substantially found in depositions, and, therefore, open to re-examination here upon the issues of fact involved. (*Wilson* v. *Cross,* 33 Cal. 60.)

A careful consideration of the evidence has satisfied us that in point of fact the defendant John B. Beers was the true and equitable owner of the several lots of lands described in the complaint, and that the claim of the defendant, Mary, thereto is merely colorable. The circumstances attending the acquisition of the property, the relationship between the defendants, and their habit of dealing with the property and with each other, all point directly to this conclusion.

The defendant, Mary, had no means of paying for the property, except with moneys derived directly or indirectly from her father, the other defendant in this case. The

story of the legacy left her by her grandfather, and the circumstances under which the fact came to her knowledge are so intrinsically improbable that it must be, at least for the present, rejected. The defendant, John B. Beers, the judgment-debtor of the plaintiff, is shown to have been habitually earning some four thousand dollars per annum, at his profession, and no account is given of the disposition of this money. The moneys thus earned by him, and which he should have applied to the payment of the plaintiff's debt, seem to have been passed to his daughter, and the purchase of the premises was effected in her name. She had been constantly residing with her parents, and had not been engaged in any occupation ordinarily of a remunerative character. It is claimed that she earned money as the servant of her father, employed in the household of which she was a member. She is said to have been the nurse of her mother; that she received a stipulated sum per month for her services in that character, and that principally with the moneys earned in this way she was enabled to purchase first the one and afterwards the other of these properties. The negotiations for the purchase originated with her father, who seems to have transacted the business for the daughter, prepared the notes covering the deferred payments, attended to their payment from time to time, at maturity, etc., but in balancing the business accounts between the father and daughter, we do not discover that the former claimed or was paid anything for his services as agent for the latter. The daughter, in her capacity as servant and nurse of her mother, having earned of her father sufficient moneys to acquire the property for herself, then seems to have leased it to her father, who occupied it as a tenant to his servant at a stipulated monthly rent, etc. These circumstances and a variety of others of hardly less significance, which we will not stop now to detail, sufficiently explain themselves, and we are not satisfied with the findings of the Court below.

Judgment and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.