[No. 4686.]

## JOHN H. HILL *v.* JOSEPH W. HASKIN.

DEFECTIVE COMPLAINT.—If a material fact is only stated inferentially in a complaint, and the pleading is not demurred to specially for this reason, it is good after judgment.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

| 51 | 175 |
| 124 | 665 |
| 51 | 175 |
| 129 | 196 |
| 51 | 175 |
| f130 | 418 |

The following is the agreement under which the stock was purchased:

"San Francisco, November 21, 1863.

"Agreement between Dr. John .H. Hill and J. W. Haskin, for the purchase of Crockett Consolidated Mining Company's stock on joint account; all profits arising from the purchase and sale of said stock to be divided equally; Dr. Hill to furnish money for the purchase of said stock; one-half of the amount so advanced to be paid to him by said Haskin, with interest at four per cent. per month; Dr. Hill to hold all stock purchased as security for money advanced; Mr. Haskin to deposit with Dr. Hill additional security at any time when called upon by Dr. Hill for security against loss by depreciation of said Crockett stock.

"John H. Hill.
"J. W. Haskin."

The stock was purchased on the day it bears date, and on the first day of December following. The suit was commenced on the 23d day of December, 1868. The following is the averment in the complaint to which the appellant objected as defective:

"That after said money became due, and before the commencement of this action, plaintiff made due demand of said defendant, for said sum of money, due as aforesaid, but the defendant has not paid the same or any part thereof."

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion, and in 42 Cal. 160.

*H. F. Crane*, for the Appellant.

The complaint does not aver an offer to account. When the performance by the defendant depends on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, etc. (1 Chitty on Pleading, 321; *Barron* v. *Frink*, 30 Cal. 488–489; *Rogers* v. *Cody*, 8 Cal. 324.)

*Jackson Temple and G. W. Gordon*, for the Respondent.

The complaint relied upon at the retrial was the same one heretofore before the Supreme Court. There had been no amendment of it. An offer to account may be inferred or presumed against a defendant by reason of the acts and declarations of the respective parties. Proof thereof need not go to the extent of showing the use of those specific words, when the debtor is summoned to account.

By the COURT:

After setting out the contract sued upon, and stating the facts in respect to the purchase of the stocks which constituted the subject-matter of the joint venture between the plaintiff and defendant, and averring the failure of the enterprise, the complaint alleges, "That after said money became due, and before the commencement of this action, plaintiff made due demand of said defendant for said sum of money; but the defendant has not paid the same, or any part thereof." One of the defenses relied upon is the Statute of Limitations; and on the former appeal (42 Cal. 160), we held that the plaintiff's right to maintain the action did not occur until he had first offered to account with the defendant, of and concerning the stocks in the hands of the plaintiff; and until such offer to account, he could not legally demand payment of the balance due from the defendant. On the present appeal, the defendant contends: 1st, that the complaint contains no sufficient averment of an offer to account; and 2d, if the complaint be sufficient in this particular, that there was no proof at the trial of such offer.

If a special demurrer had been interposed to the complaint on the ground that it does not state an offer to account with the requisite certainty and directness, it would probably have been sustained. But inasmuch as the plaintiff could not legally demand payment of the defendant until he had first offered to account, the averment that "he made *due* demand" is a sufficient allegation in the absence of a special demurrer to let in proof of the offer to account. It

was but a defective statement of a material fact. Instead of alleging the fact directly it was stated only inferentially, and might have been demurred to on this ground. The defect could then have been cured by an amendment. But having proceeded to trial, without interposing the objections, it was too late afterwards for the defendant to raise the point that the offer to account ought to have been averred with greater precision and directness.

On the second point the court finds that in May, 1865—less than four years next before the commencement of the action—the plaintiff for the first time offered to account with the defendant concerning the stocks, and demanded payment of the balance due; but that the defendant refused "to have or make " said accounting, and has never paid the balance, or any part of it. This finding is assailed on the ground that it was not justified by the evidence, but, without going into detail, it will suffice to say that we think there was sufficient evidence to support the finding.

Judgment and order affirmed.

Mr. Chief Justice WALLACE expressed no opinion.

Mr. Justice McKINSTRY, not having heard the argument, expressed no opinion.