[S. F. No. 1348.    Department One.—July 18, 1900.]

GEORGE A. WHITEHURST, Respondent, v. FRANCIS STUART, Appellant.

CORPORATIONS—LIABILITY OF STOCKHOLDER UPON NOTES—PLEADING—UNCERTAINTY WAIVED BY DEFAULT.—In an action to recover from the defendant as a stockholder in a corporation his proportion of certain unpaid notes executed by the corporation when he was a stockholder, where the complaint alleges that "at and during the times said debts and liabilities were contracted and incurred, the defendant was a stockholder in said corporation," giving the number of shares of stock, and praying judgment for a sum alleged to be "the proportion of said indebtedness for which the defendant is liable to the plaintiff," states a sufficient cause of action to support a judgment by default; and any uncertainty in not alleging with definiteness the times when the corporation incurred the indebtedness for which the notes were given is ground only of special demurrer, which was waived by the default.

ID.—INFERENTIAL AVERMENT ADMITTED BY DEFAULT.—The allegation of the complaint, as made, was an inferential averment that the debts and liabilities of the corporation represented by the notes were contracted and incurred while the defendant was a stockholder therein to the amount alleged. This was a defective statement of a material fact, which, if objected to, might have been cured by amendment of the complaint. Under a denial of the averment, as made, evidence was admissible to prove the truth of such inferential averment, and a default admits its truth.

ID.—CLAIM FOR "PROPORTION OF INDEBTEDNESS."—The averment and prayer for judgment relating to the "proportion of said indebtedness for which the defendant is liable to the plaintiff" indicates a claim for the defendant's proportion of the indebtedness of the corporation evidenced by the notes, and not a claim for recovery upon the notes.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, for Appellant.

E. E. Cothran, for Respondent.

HARRISON, J.—The plaintiff seeks by this action to recover from the defendant as a stockholder in the Standard Gold & Silver Mining Company, a corporation, a certain sum of money as and for his proportion of the indebtedness of the corporation. Judgment by default for the amount claimed was entered against the defendant, and he has appealed therefrom upon the ground that the complaint fails to state a cause of action against him.

The complaint sets forth the existence of the corporation and the amount of its capital stock, and also sets forth certain promissory notes transferred to the plaintiff, which are alleged to have been executed by the corporation and to be past maturity and unpaid. It alleges that on certain days (naming them) "said corporation for value received, by its officers and agents duly authorized and empowered thereto," made the promissory notes thus set forth. It also alleges "that at and during the times said debts and liabilities were contracted and incurred the defendant was a stockholder in said corporation," giving the number of shares of stock held by him, and asks for judgment for four hundred and ninety dollars, which is alleged to be the "proportion of said indebtedness for which the defendant is liable to the plaintiff." The objections to the complaint urged by the appellant are that it does not appear therefrom that the original indebtedness of the corporation was created at the times when the notes were executed, and that the notes may have been given for an indebtedness created prior to the time when the defendant became a stockholder in the corporation.

It may be conceded that the complaint is open to the objection of uncertainty in failing to allege with definiteness the times when the corporation incurred the indebtedness for which the notes were given, and, if a special demurrer had been interposed upon that ground, it should have been sustained; but this objection was waived by failing to so present it. The allegation that "at the times said debts and liabilities were contracted and incurred defendant was a stockholder in said corporation" is an inferential averment that the debts and liabilities of the corporation represented by the promissory notes were contracted and incurred while the defendant was a stock-

holder therein to the amount alleged. This is a defective statement of a material fact, and for that reason was subject to special demurrer, but it cannot be held that there is an entire absence of an allegation of such fact. If this objection had been made, it might have been cured by an amendment to the complaint. (*Hill v. Haskin*, 51 Cal. 175; *Cushing v. Pires*, 124 Cal. 663.) The corporation incurred a liability at the times when the notes were given, and its indebtedness may have been incurred at those times. (*Knowles v. Sandercock*, 107 Cal. 629; *Case Plow Works v. Montgomery*, 115 Cal. 380.) Under a general denial to a complaint in this form, evidence in support of this fact, if received without objection, as well as a finding thereon, would be sufficiently within the issues to support a judgment in favor of the plaintiff. The same result follows a judgment rendered upon a default of the defendant by reason of his failure to appear and answer the complaint.

The subsequent averment of "the proportion of said indebtedness for which the defendant is liable to the plaintiff" indicates that the pleader was seeking to establish the liability of the defendant for his proportion of the indebtedness of the corporation represented by the notes, and not a recovery upon the promissory notes.

The judgment is affirmed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.