[S. F. No. 2126.    Department Two.—November 3, 1900.]

In the Matter of the Estate of JACOB BEHRENS (Also Known as JAMES BEHRENS), Deceased. CAROLINE WEISSICH, Proponent of Will, Appellant, v. HENRY BEHRENS et al., Contestants of Will, Respondents.

WILL—CONTEST OF PROBATE — PLEADING — INFERENTIAL AVERMENT OF HEIRSHIP—ABSENCE OF DEMURRER.—Upon the contest of the probate of a will, the description of the contestants as "brother and sister and heirs at law" of the deceased, in the introducing sentence of their opposition to the probate, without any direct averment of their heirship, constitutes an inferential averment thereof, which, in the absence of a demurrer to the opposition, will be held sufficient after judgment.

---

[1] 83 Am. Dec. 59.        [2] 36 Am. Rep. 43.

ID.—SUPPORT OF FINDING OF HEIRSHIP—SUFFICIENCY OF EVIDENCE—AB-
SENCE OF SPECIFICATION.—Where there was slight evidence that the
contestants were the next of kin of the deceased, in addition
to an averment thereof in the petition for probate (to which
there was a general denial), and the hearing of the contest
seems to have proceeded upon the assumption of such kin-
ship, a finding that the contestants were the next of kin of the
deceased is sufficiently supported to make the rule applicable
that the finding must be deemed conclusive, in the absence of a
specification of the insufficiency of the evidence to justify that
particular finding.

ID.—CONTEST OF OLOGRAPHIC WILL—GENUINENESS OF DATE—FINDING—
CONFLICTING EVIDENCE—APPEAL.—Upon a contest of the probate
of an olographic will, involving an issue as to the genuineness
of the handwriting of its date, a finding upon conflicting evi-
dence that the date was not in the handwriting of the de-
ceased, and that the instrument proposed for probate was not
the will of the deceased, cannot be disturbed upon appeal.

ID.—OPINION OF JUDGE—COMPARISON OF HANDWRITING—ORAL EVIDENCE—
RECORD—REASONS FOR FINDINGS.—Statements in the opinion of the
judge, showing that he was strongly influenced in his conclu-
sions by the comparison of the handwriting of the deceased,
does not show that he improperly usurped the functions of an
expert or that he disregarded the oral evidence. His opinion
forms no part of the record, and his reasons for correct findings
of fact are immaterial.

APPEAL from an order of the Superior Court of Santa
Clara County denying the probate of a will. M. H. Hyland,
Judge.

The facts are stated in the opinion.

Henry C. Gesford, and H. G. W. Dinkelspiel, for Appellant.

E. E. Cothran, for Respondents.

CHIPMAN, C.—Appeal by Caroline Weissich, a legatee un-
der the alleged olographic will of Jacob (sometimes known
as James) Behrens, deceased, from an order of the superior
court of Santa Clara county denying the probate of the will.
Grounds of opposition to the probate were filed by E. E. Coth-
ran, Esq., appointed by the court as attorney for absent heirs,
on behalf of Henry and Augusta Behrens, claiming to be
brother and sister of deceased. The will bears a date written
between the body of the will and the signature in the following
form: "Febr. 12, '98." No issue is raised as to the genuineness

of the body of the will or the signature, both being conceded to be in the handwriting of deceased. The issues were tried by the court without a jury, and the court denied probate of the will on the ground that the date is not in the handwriting of deceased. The evidence is brought up by bill of exceptions.

The material issues of fact urged here by appellants are: 1. Whether the date, "Febr. 12, '98," is in the handwriting of deceased; and 2. Whether the contestants established the fact of their heirship, which it is urged should be specially alleged and proved. The following questions are also presented: 1. As to the sufficiency of the grounds of opposition; and 2. Whether the abbreviation, "Febr. 12, '98," constitutes a date.

1. It is contended that there is no direct allegation in the grounds of opposition that the contestants are heirs at law of deceased, and that they contain no allegation of the appointment of Mr. Cothran as attorney to represent contestants. The allegation is: "Now come Henry Behrens and Augusta Behrens, brother and sister and heirs at law of said James Behrens, deceased, by E. E. Cothran, their attorney, and contesting the will filed in this court, . . . . for grounds of contest state." Then follow allegations that the word and figures "Febr. 12, '98" are not in the handwriting of deceased, etc. There is no direct allegation that Henry and Augusta are heirs at law or brother and sister of deceased; nor is there any direct allegation of Mr. Cothran's appointment.

There was no demurrer to the opposition. So far as the pleading is concerned, the rule is that where a fact is stated only inferentially, and no demurrer is interposed, the pleading will be held good after judgment. (*Hill v. Haskin*, 51 Cal. 175; *Cushing v. Pires*, 124 Cal. 663, and cases there cited.) There was no such inherent defect in the pleading as would show failure to state a ground of contest, and hence the cases cited by appellant do not apply.

2. It is claimed that the evidence is insufficient to establish heirship of contestants. The court found "that the next of kin of said deceased are said contestants." There is no specification wherein the evidence is insufficient to sustain this finding, and under section 648 of the Code of Civil Procedure the point cannot be reviewed. (*Winterburn v. Chambers*, 91 Cal.

170.) But appellant claims an entire absence of evidence to sustain the finding, and that in such case the burden is on the party sustaining the findings to call attention at least to enough evidence to justify the finding. (Citing *San Luis Water Co. v. Estrada,* 117 Cal. 168.) In the petition to probate the will petitioner (appellant) alleged that Henry and Augusta were brother and sister and next of kin of deceased. The answer to the opposition was a general denial of its allegations, and if it may be held to withdraw the admission in the petition, or that the petition cannot be referred to where the issue is raised by contest, still there was elsewhere in the record some, though slight, evidence in support of the finding. The hearing seems to have proceeded on the assumption that the contestants were next of kin. We do not think the record warrants a departure from the general rule stated in *Winterburn v. Chambers, supra,* and other cases that might be cited.

3. Appellant challenges the finding that the date of the will is not in the handwriting of the testator. He died March 6th, about three weeks after the date of the will. It is claimed that the court erroneously discarded all the oral testimony, and, assuming the position of an expert on handwriting, decided the point on the documentary evidence alone. There were numerous examples of the handwriting of deceased introduced in evidence by both parties running through many years and down to a time after the date of the will, many of which have by stipulation been sent here for inspection by this court, though not printed in the transcript. The record also contains a copy of the written opinion of the learned judge who heard the evidence, the purpose being, we presume, to show that the oral evidence was not considered by him. In this opinion the trial judge gives a very searching analysis of the characteristics found in the admitted handwriting of deceased, and, by numerous comparisons of his known writing with the writing in question, reaches the conclusion that the date was not written by deceased. There was evidence tending to show that the body of the will and the signature were written at a different and earlier period than the date and with a different pen. The will was found about two weeks after the death of Mr. Behrens, in a box with other papers, which "had a lock and key, but was

open." He occupied a room in a hotel at his death, the key to which was kept by the landlord. Mr. Dennis, a witness for proponent, who was familiar with the handwriting of Mr. Behrens, testified that in his opinion the will was entirely in the handwriting of deceased. He also testified: "My opinion is that the date 'Febr. 12, '98,' was written after the body of the instrument, and that the signature was written before the date 'Febr. 12, '98.' " Mr. S. L. Rogers, an attorney at law, who had known deceased for twenty-five years and had attended to much of Mr. Behrens' business, and was familiar with his handwriting and produced many specimens of it, testified for contestants that Mr. Behrens had consulted him as to how to draw an olographic will, and received particular instructions from the witness as to the code requirements; that Mr. Behrens made many wills, some of which witness drew, which were destroyed. This witness testified quite fully as to the differences apparent between the disputed handwriting and that which was admitted to be genuine, some of which differences were stated in the opinion of the court much the same as by this witness. Mr. Rogers was asked on cross-examination if he could swear that the words and figures of the date were not in Behrens' handwriting and answered: "No, sir, I wouldn't swear they were not in his handwriting, but they don't look like his writing, both the ink nor the making of the letters and all of them. I cannot swear that he didn't write the words 'Febr. 12, '98,' but I can swear that it does not compare, and I don't believe it is his handwriting." He gave as a reason for his belief that on one occasion Mr. Behrens "wanted to know if he could make a will that looked like a will, an olographic will, but that would not be an olographic will. . . . . Q. He had reasons for wanting to do that? A. He told me that he had reasons therefor, as I state now, I will say that I don't believe it is his handwriting; I believe it was put there by somebody else." Appellant contends that this evidence shows that the witness based his belief entirely on the reason last given. But it is clear from the minute comparison made by the witness between the known handwriting of deceased and the date in the will that his judgment did not rest alone on the circumstance brought out on re-examination; this was but an additional reason for his opin-

ion.  Mr. Rogers was the only witness for contestants who testified to any opinion as to the handwriting.

Mr. Dennis testified to familiarity with the handwriting of deceased, and expressed the opinion and belief of the genuineness of the date, although, as we have already stated, he also said he thought it was written some time after the body of the will and the signature were written.  His cross-examination brought out the admission that he "did not know much about handwriting," and it also developed the fact that he could not satisfactorily account for the striking difference observable between the formation of the letters and figures of the date and the formation of the same letters and figures in the numerous examples produced of handwriting before and after the purported date of the will.

The only other witness on the question of handwriting for proponent was her son, who testified very positively that the will from beginning to end was entirely in the handwriting of Mr. Behrens, and he testified that he had attended to business for him and was familiar with his handwriting.  He did not enter into particulars, made no comparison of the testator's handwriting, and was not cross-examined on the subject; he was not asked to nor did he attempt to give any reasons for his opinion.

Mrs. Weissich testified in her own behalf, but not to throw any light upon the question of the handwriting.  She testified to a long friendship existing between deceased and her husband before the latter's death, and herself both before and after that event.  She testified: "He told me that he would leave me something out of pure friendship for forty years for me."  Again, in speaking of letters she had received from him since her husband's death, she testified: "I can't say whether there was any conversation about making the will."  This was all the testimony bearing upon the question of the testator's intention, and is too slight to affect the question now here if it be conceded to be admissible for that purpose.

We cannot see that the trial judge usurped the function of an expert witness.  He simply examined the testimony and the evidence before him in the form of admitted examples of the handwriting of the deceased.  The testimony of the wit-

nesses was in conflict. The judge accepted that of the contestants and rejected that of the proponent. This he had· a right to do, and as the testimony was conflicting his decision cannot be reviewed here. It does not appear from the opinion of the judge found in the record that he entirely disregarded the oral evidence, and even if he did we cannot say that he had no right to do so. He stated certain facts which appeared from a comparison of the various writings of deceased before him, by which it is but fair to assume that he was strongly influenced in forming his conclusion; but it does not. follow that he was not also influenced in some degree by the oral testimony. Furthermore, the opinion of the judge forms no part of the record. If his conclusion was correct it is immaterial what reasons he assigns for it.

Inasmuch as the court found on sufficient evidence that the will was not "the last or any will of said James Behrens, deceased," it becomes unnecessary to pass upon the other questions presented by appellant.

The order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is. affirmed.            Henshaw, J., McFarland, J., Temple, J.