[No. 10.   Second Appellate District.—July 5, 1905.]

## J. F. HUMPHREYS, Respondent, v. JOHN FLETCHER MOULTON et al., Appellants.

NUISANCE—FLOODING OF LANDS BY SURFACE WATER—FINDINGS.—In an action for damages, and to enjoin the continuance of an alleged nuisance, in flooding of plaintiff's lands by surface water, where the ultimate finding for plaintiff, sustained by the evidence, is that there were two or more channels or waterways and that all these were brought together into the channel complained of, the plaintiff is entitled to recover, regardless of whether other immaterial findings are or are not supported by the evidence.

ID.—EVIDENCE—IMMATERIAL RULINGS.—Rulings upon evidence which could have no effect upon the result are not material.

ID.—DEFINITENESS OF JUDGMENT—ABATEMENT OF NUISANCE—ALTERNATIVE PROVISION.—A judgment that the defendants abate the nuisance by removing the embankment or dike made by them, and filling up the ditch to its former level, and that they be enjoined from its further continuance, but also providing, as an alternative, that they may make other suitable provision for the care of storm waters so that no greater portion of storm waters will flow on to plaintiff's lands than before the defendants made the changes on their lands, is as definite as it is practicable to make it.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Collier & Carnahan, and O. P. Widaman, for Appellants.

Purington & Adair, for Respondent.

SMITH, J.—The suit was brought to recover damages to the plaintiff's land, caused by the act of the defendants in collecting into a single channel the surface waters flowing over the defendants' lands in time of rain, and thereby discharging the aggregate volume of water upon plaintiff's land, to the damage of plaintiff, etc. Judgment was rendered for the plaintiff for damages, and also for an injunction. The appeal is from the judgment and from an order denying the defendants' motion for a new trial.

The plaintiff's land lies below the canal of the Riverside Land Company and some distance to the north therefrom. The defendants own the land intervening between plaintiff's land and the canal, and also lands to the south of the canal extending up into a valley or ravine in the hills, along which there lies a dry channel or waterway; which, it is found by the court, at a point described as the southern end of the lot of the defendants, known as lot 21, divides itself into three channels, one running along the west and the other along the east boundary of that lot, and the third over the intervening space.

The waterway along the east boundary of the lot is found by the court to be the main branch or wash, and its general course to its point of discharge is described in detail; and this is true also of the waterway on the west side of the lot as it was in its natural condition; and it is urged by the appellants that these findings are in some particulars not justified by the evidence. But with regard to each of the findings objected to the evidence seems to be conflicting, and, at all events, the findings seem to be immaterial. For the ultimate finding is, that there were two or more channels or waterways, and that all of these were brought together into the channel complained of; and this finding is not attacked, nor indeed under the evidence could it be. And upon these facts, under a long line of decisions in this state, it must be held that the plaintiff was entitled to recover. (*Ogburn* v. *Connor,* 46 Cal. 350, [13 Am. Rep. 213]; *Lamb* v. *Reclamation Dist.,* 73 Cal. 125, [2 Am. St. Rep. 775, 14 Pac. 625]; *McDaniel* v. *Cummings,* 83 Cal. 519, [23 Pac. 795]; *Gray* v. *McWilliams,* 98 Cal. 163, [35 Am. St. Rep. 163, 32 Pac. 976]; *Los Angeles Cemetery Assn.* v. *Los Angeles,* 103 Cal. 467, [37 Pac. 375]; *Rudel* v. *Los Angeles County,* 118 Cal. 288, [50 Pac. 400]; *Cushing* v. *Pires,* 124 Cal. 665, [57 Pac. 572]; *Larrabee* v. *Cloverdale,* 131 Cal. 99, [63 Pac. 143].)

Other points made by the appellants are: 1. The refusal of the court to admit "a topographical sheet of the United States geological survey" covering the locality in controversy; 2. The admission of the plat put in evidence by the plaintiff; and 3. The indefinite character of the judgment with reference to the injunction adjudged. As to the first two of these, it is by no means clear that any error was committed; but if

there was, the admission of the evidence in the one case, or its exclusion in the other, could have had no effect upon the result. As to the last point, we think the judgment is as definite as it was practicable to make it. Nor does the objection urged to it by the appellants apply. It is, indeed, adjudged, that the defendants abate the nuisance by removing the embankment or dike made by them and filling up the ditch to its former level, and that they be enjoined from a further continuance of said embankment and ditch in its present condition. But it is also provided that, "the said defendants, as an alternative for the doing of said acts, may make such other suitable and proper provision for the care of the storm waters which naturally reach the southerly end of said lot 21 as that no greater portion of said storm waters will flow onto the lands of plaintiff than flowed thereon before the defendants made the aforesaid changes on their lands."

The judgment and order are affirmed.

Allen, J., and Gray, P. J., concurred.