[Civ. No. 983. Second Appellate District.—June 22, 1911.]

FLORA K. CLIFTON and CHARLES G. CLIFTON, Her Husband, Appellants, v. C. N. HERRICK, ANN HERRICK et al., Respondents.

ACTION TO QUIET TITLE—PURCHASE BY MOTHER—CONVEYANCE TO DAUGHTER—INTENT TO DEFRAUD JUDGMENT CREDITOR—TITLE UNDER EXECUTION—JUDGMENT.—In an action by a daughter and her husband to quiet title to land purchased by a mother with her separate funds, the title of which was in the daughter's name, as against a sheriff's deed under execution sale against the mother, who had previously borrowed $1,500 from the selling creditor, where the court found upon sufficient evidence that the title was so taken in the daughter's name upon secret trust for the mother, to defraud such creditor, the court properly rendered judgment that plaintiffs had no right or title in the property, and that the title was in the purchaser under execution.

ID.—EFFECT OF FRAUDULENT INTENT—VOID TRANSFER.—The fraudulent intent of the mother being established, the voluntary transfer of the property to the name of the daughter was void as against the judgment creditor of the mother, and being void, the property remained with the mother, and the judgment creditor was authorized to sell the same as if no transfer had been made.

ID.—TITLE OF MOTHER TO MONEY INVESTED.—The title to the money invested in the land being in the mother as sole heir of her mother's estate, such money and the proceeds thereof were subject to the rights of her judgment creditor.

ID.—DUTY OF COURT OF EQUITY TO SET ASIDE TRANSFER.—It was the duty of the court of equity to set aside the transfer to the daughter by the mother at the instance of the judgment creditor of the

mother, who had acquired the mother's title by sale thereof under execution.

ID.—VOLUNTARY PAYMENTS MADE BY HUSBAND OF DAUGHTER.—Voluntary payments of installments of purchase money and of taxes made by the daughter's husband, for property in which he had no interest or title, must be deemed voluntary advancements made by him, under which he could be entitled to no interest in the estate itself.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Appellants.

F. C. Austin, and W. P. L. Stafford, for Respondents.

SHAW, J.—Action to quiet title to real estate. Plaintiffs were husband and wife, and by a complaint in the usual form in such cases alleged that Flora K. Clifton was the owner of the property in question, and that defendant C. N. Herrick and his codefendants wrongfully and without right asserted a claim and interest therein. Defendants answered, denying Flora K. Clifton's ownership of the property, and alleged that title thereto was vested in C. N. Herrick under and by virtue of a sheriff's deed made and delivered to him by virtue of a sale under an execution issued upon a judgment against Kate Cockran, the mother of plaintiff, Flora K. Clifton, who, it is alleged, purchased and paid for the property with her separate funds, and while the judgment was in force caused the same to be conveyed to plaintiff Flora K. Clifton for the purpose of defrauding the holder of the judgment.

The court, in effect, found that Flora K. Clifton was not the owner of the lot in question and had no estate or interest therein; that on October 1, 1902, and while Kate Cockran, mother of said Flora K. Clifton, was a judgment debtor of Ann Herrick, she, said Kate Cockran, with her separate funds, purchased the lot and took title thereto in the name of Flora K. Clifton with intent to defraud said Ann Herrick and hinder and delay her in the collection of said judgment so held by her against said Cockran; that thereafter Ann Her-

rick duly assigned said judgment to defendant C. N. Herrick, who brought suit thereon and obtained a renewal thereof, upon which an execution was issued and levy thereof made upon said lot, and the same was thereafter sold to defendant C. N. Herrick, to whom, in due time, the sheriff made and delivered his deed conveying the property to said C. N. Herrick, by virtue of which he became the owner thereof in fee; that at the time of the sale under said execution said Kate Cockran, the judgment debtor, was the real owner in fee of the lot so standing in the name of Flora K. Clifton, who held the title as a secret trust for the benefit of Kate Cockran.

Upon these findings the court rendered judgment that Flora K. Clifton had no right, title or interest in the property. The appeal is from the judgment and an order denying plaintiff's motion for a new trial.

Appellants' sole contention for a reversal is based upon the claim that the findings are not supported by the evidence.

It appears that the purchase price of the lot, which was bought in October, 1902, was $2,650, of which sum $300 was paid in cash and the balance thereof paid in monthly installments of $25 each. Appellants contend that Flora K. Clifton paid this $300 out of $600 left to her by Jane Poindexter, her grandmother; that upon the purchase of the property she rented it to her parents, who paid her $20 per month rent, and this rental, plus $5 per month taken from the remainder of the $600 so left her by Poindexter, was used in making the monthly payments upon the property. There is evidence tending to show that Jane Poindexter, the mother of Kate Cockran, died intestate in 1892, leaving as her sole heir the said Kate Cockran, her daughter; that a few days after her death Kate Cockran discovered among her effects $600 in cash. No administration was had upon the estate, and it does not appear that Jane Poindexter at any time expressed any wish to Kate Cockran as to the disposition of the $600; and while the husband testified to the fact, wholly immaterial, that he heard Jane Poindexter in her lifetime say that she wanted all her property to go to Flora K. Clifton, it does not appear that he ever informed his wife of the wish so expressed. Nevertheless, Kate Cockran testifies that she regarded the money as belonging to her daughter, Flora K. Clifton, and from the time of her mother's death until the

daughter reached the age of eighteen, comprising a period of eight years, she held this $600 intact in denominations as found, and in moving from place to place kept it in her house and delivered it to her daughter on her eighteenth birthday.

Upon the purchase of the property, Kate Cockran and her husband took possession thereof, and from that time continued to occupy the same down to the date of the filing of the complaint, December 24, 1907, a period of some sixty-two months, the husband testifying that during said time he paid Flora K. Clifton $20 per month rent thereon, and she testifying that she used this $20, together with $5 of her own money, which included the remainder of the fund claimed to have been left by the grandmother, in payment of the monthly installments due upon the purchase price of the property. This continued to the time that Flora K. Clifton was married, during which time without, so far as disclosed by the record, the payment by her of anything on account of board or lodging. The evidence further tends to show that the negotiations for the purchase of the property were conducted by Kate Cockran, who personally made the payment of $300 thereon and at the time stated to the agent of the seller that the sum paid "represented about all she had in the world and she wanted to be careful of it," and that she stated that she was buying the property for her daughter. There was also evidence to the effect that Kate Cockran had said that she put the property in Flora's name so that Ann Herrick could not get hold of it, and that Flora should always speak of it as her property, together with other testimony of like character. We are of the opinion that this evidence is ample to support the findings. The fraudulent intent being established, the transfer of the property as against Herrick, the holder of the judgment, was void. (Civ. Code, sec. 3439.) Being void, the property remained that of Kate Cockran, the judgment debtor, and Herrick was authorized to levy upon and sell the same as though no transfer had been attempted. (1 Freeman on Executions, sec. 136; *Bull* v. *Ford*, 66 Cal. 176, [4 Pac. 1175]; *Bekins* v. *Dieterle*, 5 Cal. App. 690, [91 Pac. 173].) It is strenuously argued by appellants that as to the $600 Kate Cockran was a self-constituted trustee for Flora K. Clifton. The record gives no support to the contention that the latter acquired this money from Jane Poindexter. Under the stat-

ute of descents and distribution it descended to Kate Cockran, subject to the right of administration of the estate of the deceased. In the absence of an exercise of such right, Kate Cockran, the sole heir, converted the same to her own use. Until the delivery of the money to her daughter there was no declaration of a voluntary trust duly executed, as urged by appellants; therefore the case of *Estate of Webb,* 49 Cal. 541, cited, has no application, and does not support appellants' contention. The money, $1,500, which forms the basis of the Herrick judgment, was borrowed from Ann Herrick in 1896; hence it clearly appears that Kate Cockran at that time was in possession and control of this $600, and did not execute the alleged self-imposed trust until some four years after becoming indebted to Ann Herrick. The $600, like property otherwise acquired, became Kate Cockran's property and subject to the payment of her debt to Ann Herrick. It is unnecessary to cite authorities in support of the principle that she had no right to make either the money or the property bought therewith the subject of a gift to her daughter in fraud of her creditors. The facts here presented are substantially the same as those involved in the case of *Lander* v. *Beers,* 48 Cal. 546, wherein it was held to be the duty of a court of equity, at the suit of a judgment creditor, to declare the deed fraudulent and void as against such creditor.

There is some evidence that after the marriage of Flora K. Clifton she and her husband contributed something toward the monthly payments on account of the purchase price of the property, as well as paid something on account of assessments and taxes, and appellants contend that, if for no other reason, such payments entitled plaintiffs to some interest in the property, and for that reason a new trial should be granted. It appears from the record that only $300 of the $600 left by Jane Poindexter and converted by Kate Cockran was applied in making the initial payment upon the property, leaving, as shown by the evidence of Flora K. Clifton, the sum of $300 in her possession. This balance of $300, exclusive of interest thereon, together with the $20 per month, claimed to have been paid as rent by Kate Cockran and her husband, would constitute a fund practically sufficient in amount to cover all of the deferred payments up to the time of insti-

tuting the suit. The husband of Flora K. Clifton testifies that he paid taxes upon the property, but he does not state the amount of such taxes, and assuming that he would be entitled to an interest in the property by reason of such payment, a fact which we do not concede, nevertheless, it cannot be determined upon this record what sum he paid. We are of the opinion, however, that inasmuch as he did not own the property, nor claim to own it, the payment of taxes and assessments by him, and installments upon the purchase price as well, must be deemed voluntary advancements under which he could be entitled to no interest in the estate itself.

The facts clearly established, together with the legitimate inferences which the court was justified in drawing from such facts (*Maxson* v. *Llewelyn*, 122 Cal. 195, [54 Pac. 732]), fully support the findings, and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.