(March 5, 1917.)

THE MODE, LTD., a Corporation, Respondent, v. SADA MYERS, Appellant.

[164 Pac. 91.]

TITLE TO REAL ESTATE—ADVERSE CLAIM—FRAUDULENT CONVEYANCES— EXECUTION SALE—DEFECTIVE COMPLAINT.

1. An application to amend complaint while motion for nonsuit is pending is addressed to the sound discretion of the trial court.

2. A defective allegation of a good cause of action, in the ab-sence of a demurrer, is cured by a verdict and judgment.

3. Where a judgment debtor causes real property which he has purchased to be conveyed by his vendor direct to a third person, and the transfer of his interest to such third person is fraudulent and void as to creditors, and the judgment creditor levies upon and sells such property as the property of the judgment debtor, the holder of the sheriff's deed on such sale may, under sec. 4538, Rev. Codes, maintain an action as owner to quiet title.

[As to when a general verdict causes defects in pleading, see note in 1 Am. Dec. 210.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to quiet title to real property.   Judgment for plaintiff.   *Affirmed.*

Smead, Elliott & Healy and W. A. Ricks, for Appellant.

"Where one purchases land and has the title made to his wife in fraud of creditors, it is deemed an equitable and not a legal asset. . . . . The interest of the debtor in such case cannot be sold on execution at law." (*Robinson v. Springfield Co.*, 21 Fla. 203.)

Execution sale does not transfer title to real estate to which the debtor never had the legal title; where real estate is paid for by debtor, but conveyance made from third party to his wife to defraud creditors, execution does not vest title in creditors. His remedy is to obtain in equity a decree compelling the conveyance of the property, and not a suit to quiet based on a present claim of title. (*Dockray v. Mason*, 48 Me. 178; *Carlisle v. Tindall*, 49 Miss. 229; *Trask v. Green*, 9 Mich. 358.)

Execution sale does not pass any title where judgment debtor never owned the property. The debt should be made a lien against the property. This is the equitable rule. (*Haggerty v. Nixon*, 26 N. J. Eq. 42, 46.)

Purchaser gets no title in case of conveyance direct to some third party. Remedy is an action in equity in nature of creditor's bill, and to hold grantee as trustee for creditors. (*Everett v. Raby*, 104 N. C. 479, 17 Am. St. 685, 10 S. E. 526; *Garfield v. Hatmaker*, 15 N. Y. 475; *Hyde v. Chapman*, 33 Wis. 391; *Doe v. McKinney*, 5 Ala. 719; *Howe v. Bishop*, 3 Met. (44 Mass.) 26; *Blood v. Wood*, 1 Met. (42 Mass.) 528.)

Conveyance cannot be set aside unless the fraud complained of be alleged and proven. (*Kerns v. Washington Water Power Co.*, 24 Ida. 525, 135 Pac. 70; *Wilson v. Baker Clothing Co.*, 25 Ida. 378, 137 Pac. 896, 50 L. R. A., N. S., 239.)

In actions under sec. 4538 (Code Civ. Proc. 738), to quiet title, plaintiff must establish a legal, as distinguished from a mere equitable, title. (*Fudickar v. East Riverside Irr. Dist.*, 109 Cal. 29, 41 Pac. 1024; *Von Drachenfels v. Doolittle*, 77

Cal. 295, 19 Pac. 518; *Nidever v. Ayers,* 83 Cal. 39, 23 Pac. 192; *Bryan v. Tormey,* 84 Cal. 126, 24 Pac. 319; *Harrigan v. Mowry,* 84 Cal. 456, 22 Pac. 658, 24 Pac. 48.)

Equitable title must be pleaded; if not evidence concerning the same is properly ignored. (*Reilly v. Wright,* 117 Cal. 77, 48 Pac. 970.)

Martin & Cameron, for Respondent.

Findings of fact by the court and judgment thereon based on evidence substantially conflicting will not be disturbed on appeal. (*Cartier v. Buck,* 9 Ida. 571, 75 Pac. 612; *Abbott v. Reedy,* 9 Ida. 577, 75 Pac. 764; *Cowden v. Mills,* 9 Ida. 626, 75 Pac. 766; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Salisbury v. Spofford,* 22 Ida. 393, 126 Pac. 400; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605.)

Amendments to pleadings rest largely in the discretion of the court, and rulings thereon by the trial court will not be disturbed on appeal, except it appear that the exercise of such discretion has deprived the party complaining of some substantial right. (*Palmer v. Utah & Northern R. Co.,* 2 Ida. 382, 16 Pac. 553; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91; *Mantle v. Jack Waite Min. Co.,* 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130.)

Under sec. 4477, Rev. Codes, all beneficial estates in real estate are liable to be taken on execution irrespective of the question whether they are legal or equitable; it is the principle as well as the policy of the law to subject every species of property of the judgment debtor to payment of his debts, and no property is exempt except such as is specially exempted by law. (*Kennedy v. Nunan,* 52 Cal. 326; *Le Roy v. Dunkerly,* 54 Cal. 452; *Pacific Bank v. Robinson,* 57 Cal. 520, 40 Am. Rep. 120.)

"Every estate or interest known to the law, whether legal or equitable, may be determined in an action of this kind." (*Coleman v. Jaggers,* 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894; *Shields v. Johnson,* 10 Ida. 476, 3 Ann. Cas. 245, 79 Pac. 391; *Johnson v. Hurst,* 10 Ida. 308, 77 Pac. 784; *Fry v. Sum-*

*mers,* 4 Ida. 424, 39 Pac. 1118; *Clifton v. Herrick,* 16 Cal. App. 484, 117 Pac. 622.)

RICE, J.—This is an action to quiet title to lots 7, 8, 9 and 10, of block 29, Ellis Addition to Boise. The complaint alleged title to the property in the plaintiff, respondent here, and stated that the defendants, among whom was appellant, Sada Myers, claimed unfounded adverse interests therein. The answer of appellant Sada Myers denied title in the plaintiff and by way of cross-complaint alleged title in herself and prayed that her title be quieted. Both respondent and appellant derived title from Walter A. Myers, husband of the appellant. The respondent claims through sheriff's deed executed by virtue of a sale under an execution issued upon a judgment against Walter A. Myers. Appellant claims lots 7 and 8 through deeds of conveyance, and lots 9 and 10 through an assignment of a contract to her by Walter A. Myers and a subsequent conveyance under said contract by the Pierce Suburban Syndicate. Defendant Florence K. Fahrney answered, claiming an interest as an innocent purchaser of a portion of the property. It was stipulated that her interests should be protected and she is not interested in this appeal. The remaining defendants disclaimed any interest in the property.

At the trial, after the plaintiff had rested, the answering defendants moved for a judgment of nonsuit. The trial court permitted the plaintiff to amend its complaint, upon a showing of diligence, and a paragraph was added alleging fraudulent conveyance from the said Walter A. Myers to appellant Sada Myers.

Permission to amend upon the showing made by counsel for respondent, while motion for nonsuit was pending, is assigned as error. Under sec. 4229, Rev. Codes, the application was addressed to the sound discretion of the trial court, to be exercised, according to the admonition of the statute, in the furtherance of justice. (*Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91.) While the showing of diligence on the part of attorneys for respondent, as read from the record,

is not very persuasive, we do not think the trial court abused its discretion in permitting the amendment. This is particularly true in view of the offer of the court to continue the case, should the appellant claim surprise and desire further time in which to present her defense. (*Lorang v. Randall,* 27 Ida. 259, 148 Pac. 468.)

The amendment to the complaint reads as follows:

"That the defendant Walter A. Myers has made fraudulent conveyances to the defendant Sada Myers by which said defendant Sada Myers claims some interest, right, or title in and to the lots in controversy herein described, in this: that said Walter A. Myers was insolvent and while so insolvent made conveyances without consideration of his property, the property in question herein with intent to hinder, delay and defraud his creditors, and especially the plaintiff creditor in this action. And at the time the defendant Walter A. Myers did cause to be made this pretended conveyance without consideration, and said defendant Walter A. Myers knew he was insolvent and had sworn less than a month prior to this pretended conveyance without consideration that he had no property out of which the plaintiff creditor could satisfy its judgment. That at the time said conveyance of the property in controversy was pretended to be dated and made by Walter A. Myers to Sada Myers, his wife, said Walter A. Myers had no other property other than this property in question whatever out of which this plaintiff creditor could satisfy his said indebtedness."

The allegation would be entirely insufficient if it were challenged by demurrer, but in the absence of a demurrer such defective statement of a cause of action is cured by a verdict, or findings and judgment. (*Salmon Falls Bank v. Leyser,* 116 Mo. 51, 22 S. W. 504; *San Francisco v. Pennie,* 93 Cal. 465, 29 Pac. 66; *Larkin v. Mullen,* 128 Cal. 449, 60 Pac. 1091.)

"After judgment the rule by which pleadings before judgment are construed most strongly against the pleader is reversed, and the pleading upon which the judgment is based is liberally construed for the purpose of sustaining the judgment." (*Plew v. Board,* 274 Ill. 232, 113 N. E. 603.)

In this case it was shown that the defendant W. A. Myers was a judgment debtor of the respondent; that while so indebted, without consideration, he executed a conveyance of two of the lots in question to appellant, Sada Myers, and caused to be executed a conveyance of the remaining two lots in question to appellant; that at the time of such conveyances W. A. Myers was insolvent. Appellant offered testimony tending to show that the conveyance to her of the two lots was intended to take the place of a former deed of conveyance made by W. A. Myers prior to the time he was indebted to the respondent, which former conveyance had been lost, and that the assignment of the contract for the conveyance of the remaining two lots was also made by W. A. Myers prior to any indebtedness to the respondent, and that such original conveyance and assignment were made in consideration of her approaching marriage to W. A. Myers.

After weighing the conflicting evidence the trial judge found that the said conveyances by W. A. Myers to appellant were made without consideration and with intent to hinder, delay and defraud his creditors, of whom respondent was one. The trial court without doubt recognized the rule that where fraud is charged as a basis of recovery the proof must be clear and convincing. Under that rule there was substantial evidence to support the findings of the court and the judgment based thereon.

Appellant also contends that respondent cannot maintain an action to quiet title to lots 9 and 10, the basis for this contention being that these lots were conveyed by the Pierce Suburban Syndicate direct to appellant, Sada Myers, and that respondent's claim of title, being based upon a sheriff's deed, is not, as a matter of law, well founded, and that an action to quiet title is not the proper remedy.

Sec. 4477, Rev. Codes, provides that any interest in real or personal property of the judgment debtor, not exempt by law, is liable to execution.

In the case of *Clifton v. Herrick,* 16 Cal. App. 484, 117 Pac. 622, it was held that under the California Civ. Code, sec. 3439, declaring a transfer of property with intent to defraud

a creditor, void against the creditor, a judgment debtor having bought property with her separate funds and taken title in the name of her daughter with intent to defraud the judgment creditor, such creditor could levy on and sell the property as that of the judgment debtor.

This action is brought under the provisions of sec. 4538, Rev. Codes. In the case of *Coleman v. Jaggers,* 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894, the court held the provisions of said section to be very broad, and that under them any person whether in possession or out of possession, whether holding the legal or equitable title, might bring an action against another who claims an estate in real property adverse to him, and in such action might have the adverse claim determined and settled.

No issue of possession or right of possession is involved in this case. Under the construction of sec. 4538, given above, respondent had the right to levy upon and sell any interest its judgment debtor might have in the two lots in question, and, upon becoming the purchaser thereof, could bring an action to quiet title. The judgment of the district court is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.

(April 14, 1917.)

#### ON PETITION FOR REHEARING.

RICE, J.—Appellant has filed a petition for rehearing in this case, and raises therein questions which require consideration. There can be no doubt but that a party has the right to test the sufficiency of an amendment to a pleading when offered during the progress of the trial, to the same extent as though the amendment were made before trial. He may demur in some instances, or he may raise the question of the sufficiency of the amendment by objections to the allowance thereof, and such objections have the same force and effect as if the questions were presented by demurrer.

In this case the objection was "that the amendment as submitted is a statement of evidence or evidential facts, upon which the plaintiff will rely, rather than the ultimate facts involved." This objection was not specific in pointing out wherein the amendment was unintelligible or uncertain. We think the trial court did not err in permitting the amendment to be made over this objection.

Appellant also objected to the reception of any evidence in support of the amendment. This objection raises the question as to whether the amendment states a cause of action, and in effect raises the same question discussed in the original opinion. In considering such objection every reasonable intendment will be indulged in favor of the pleading.

Sec. 4207, Rev. Codes, provides: "In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties." In *McCormick v. Smith,* 23 Ida. 487, 130 Pac. 999, this court said: "A pleading should be construed so as to allege all facts that can be implied by a fair and reasonable intendment from the facts expressly stated." Where a material fact is only stated inferentially, and the pleading is not properly demurred to specially for this reason, it is good after judgment. (*Hill v. Haskin,* 51 Cal. 175; *Estate of Behrens,* 130 Cal. 416, 62 Pac. 603; *Whitehurst v. Stuart,* 129 Cal. 194, 61 Pac. 963; *Chambers v. Hoover,* 3 Wash. Ter. 107, 13 Pac. 466; *Allen v. Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673; *Silver Bow County v. Davies,* 40 Mont. 418, 107 Pac. 81.)

In holding that the action to quiet title under the statute was a proper action in this case, we meant it to be understood that the court having found that the transfer made by W. A. Myers of his interest in lots 9 and 10 to Sada Myers was void as to creditors, and the respondent having levied upon and sold the property as that of the judgment debtor, W. A. Myers, the respondent could plead title to the lots in question as against the appellant Sada Myers, and the court properly decreed that the respondent was the owner of the property. The appellant had nothing but the naked legal title without

beneficial interest in the property. This, in substance, was the course pursued in the case of *Coleman v. Jaggers*, 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894, and approved by this court.

The other matters urged in the petition for rehearing were considered by the court, although not discussed. The petition is denied.