JOSEPH T. MILLER *et al.*

*v.*

CHALKLY JOHN.

*Opinion filed February 17, 1904.*

1. EVIDENCE—*declaration by one alleged conspirator may be proven
against the others.*   Where evidence tending to prove a conspiracy
between the defendants to cheat and defraud plaintiff has been
adduced, representations to the plaintiff made by one of the de-
fendants in the absence of the others may be proved, since each is
responsible for the false representations of the others within the
scope of the conspiracy.

2. SAME—*conspiracy to defraud may be proven by circumstances.*   A
conspiracy between the defendants to defraud the plaintiff of his
land may be proven by facts and circumstances surrounding the
parties at the time of the transaction or trade.

3. FRAUD—*effect where party makes reckless statements about a matter
he is ignorant of.*   One who recklessly makes false representations

of a matter about which he has no knowledge, with the fraudulent purpose of inducing another to rely upon such statements and do an act to the prejudice of such person, who does rely upon the representations and acts to his injury, is liable in damages.

4. SAME—*liability of party who aids in committing fraud.* All persons who aid or advise in the commission of a fraudulent act by another, or who approve of it after it is done, for their benefit, are liable in the same manner as they would be had they themselves performed the same act.

5. INSTRUCTIONS—*when instruction as to preponderance of evidence is not improper.* An instruction is not improper which advises the jury as to the elements they might consider in determining the preponderance of the evidence, and, after enumerating such elements, directs that they shall determine the preponderance from all the evidence, facts and circumstances shown on the trial.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. W. H. GEST, Judge, presiding.

C. L. & C. E. SHELDON, and J. E. McPHERRAN, for appellants.

C. C. JOHNSON, and C. C. McMAHON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellee, Chalkly John, brought an action for fraud and deceit against the three appellants, Joseph T. Miller, Frank P. Stabler and Frank W. Walzer, in the circuit court of Whiteside county. Upon a trial by jury all the defendants were found guilty and the plaintiff's damages assessed at $5440. Upon the argument of a motion for new trial, at the suggestion of the trial court, $940 was remitted and judgment entered for $4500. On appeal to the Appellate Court for the Second District that judgment has been affirmed, and appellants again appeal.

The original count of the declaration alleges that the plaintiff owned one hundred and sixty acres of land

in Whiteside county, known as the Jordan farm, of the value of $80 per acre, and also one hundred and sixty acres in the State of Kansas, worth $7 per acre, all of which he was induced by the defendants, by false and fraudulent representations, to exchange and trade for three hundred and twenty acres in Barren county, Wisconsin. The false and fraudulent statements are charged to be, that the Wisconsin land belonged to an estate to which there were a large number of heirs; that the owners could not agree because each one wanted this particular tract; that the rest of the estate had been divided, and that the owners had agreed to sell this to an outside party in order to make it satisfactory, and that it could be had at a great bargain; that there was a good log house and a good log barn on the land; that it was all fenced; that about forty or fifty acres were cleared and seeded down in timothy, and the balance was covered with good timber, such as would make good lumber; that the part north of the cleared land would make eight hundred or nine hundred cords of wood, worth $5 per cord in that locality; that the owners had been offered $1600 for the timber on the stump on that part north of the cleared land; that the owners asked $8000 for the three hundred and twenty acres, and the land was cheap at $25 per acre; that the land lay as nice as his Jordan farm and was not broken or stony, and that if the owners would trade it to him for his Jordan farm he would have the best of the bargain. It is also averred that the plaintiff, not having seen the Wisconsin land, but relying and confiding in the statements and representations of the defendants, bargained with them to exchange his Jordan farm and his Kansas one hundred and sixty acres for the Wisconsin land, and executed deeds to the defendants for the same. All of the representations of the defendants respecting the Wisconsin land are charged to be false, made knowingly and willfully, for the purpose of misleading, deceiving and defrauding plaintiff,

and that the Wisconsin land was of little or no value, by means whereof the plaintiff is damaged to the amount of $8000. The second count is substantially the same as the first, except that it charges that "defendants, combining and confederating, then and there represented to the plaintiff, and so promised and agreed with the plaintiff, that they, the defendants, would, as the plaintiff's agents, trade and exchange for the plaintiff his said farm for other farm lands of greater value, consisting of three hundred and twenty acres of land in the State of Wisconsin," and then and there falsely and fraudulently made the representations in substance set out in the first count of the declaration. A general demurrer was filed to the original count and overruled. Afterwards a similar demurrer was filed to the second count, which was also overruled, and the defendants thereupon filed a plea of not guilty and the case proceeded to trial.

The Appellate Court, after stating the issues as above, in the discussion of the question whether the evidence supported the verdict of the jury, set forth *in extenso* the facts, but it will not be necessary to repeat the facts thus stated in this opinion.

The testimony produced upon the trial is voluminous and more or less conflicting, but it at least fairly tends to establish the allegations of the declaration, and in view of the judgment of affirmance in the Appellate Court must, for the purposes of our decision, be accepted as sustaining plaintiff's cause of action.

The first assigned error of law urged as a ground of reversal is, that the two counts of the declaration are misjoined, being inconsistent with each other, and the measure of damages being different on the allegations of each of them. The contention is based on the assumption that the second count is a count on a contract of agency or in assumpsit. This is a misapprehension. Both counts are in tort and seek to recover damages for fraud and deceit. The Appellate Court in its opinion

properly disposes of the question on the authorities cited by it.

It is also insisted by appellants that the trial court erred in permitting counsel for the appellee, in his opening to the jury, to state that the defendant Walzer had cheated and swindled John in a former Kansas land deal. Upon the objection made by counsel for the defendants, the court stated that it could not then determine whether such evidence would be admissible or not, and told the jury that they should bear in mind that statements of counsel were not evidence for their consideration, and that the case was to be tried upon the evidence admitted by the court, and nothing else. In opening statements by counsel to juries the trial court is necessarily compelled to rely largely upon the integrity and fairness of the attorney, it being impossible for it to know in advance what testimony will or will not become pertinent and competent upon the trial. The court could at that stage of the trial do no more than it did,—that is, warn the jury not to accept the statement as evidence. From an examination of the record we are further of the opinion that the statement was in no sense improper, but was justified by the subsequently developed facts in the case.

The ruling of the trial court on the admission of evidence is next assigned and urged as reversible error. There are several objections, but they all involve the same legal principle and may therefore be considered together. The plaintiff was permitted to detail a conversation between himself and Walzer in the absence of the other defendants, in which Walzer made certain statements relative to the Wisconsin land, which were to the effect that plaintiff had been cheated in the Kansas land deal and he wanted to make it up to him in the trade then being negotiated; also a conversation between himself, Miller and Walzer when Stabler was not present. Testimony was also admitted, over the defendants' objection, as to the amount paid one Prock for his ser-

vices in Wisconsin by Miller and Stabler, and concerning
the conveyance of the Jordan farm by Pettis to Stabler
and Miller, his quit-claim deed to them, and their con-
veyance afterwards to one Newman, together with the
facts and circumstances attending the sale to Newman.
Appellants claim that this evidence was incompetent
and tended to prejudice the jury against them. The
theory of plaintiff's case is that the defendants had en-
tered into a conspiracy to cheat and defraud him. Such
a conspiracy might be proved by the facts and circum-
stances surrounding the parties to the transaction or
trade, and after the introduction of competent testimony
tending to prove it, each of the parties connected there-
with would become responsible, not only for his own
acts and words, but for those of each of the parties with
whom he acted. The rule is, that in order to render one
responsible for a false representation it is not necessary
that he should have made the representation himself.
If a person authorizes or causes a representation to be
made, he is as fully responsible as if he made it himself,
and if two or more persons act in concert or conspire to
commit a fraud upon another, each is responsible for the
false and fraudulent representations of the others with-
in the scope of the conspiracy. (14 Am. & Eng. Ency.
of Law,—2d ed.—155, and authorities in note 6.) The
evidence as to the amount paid Prock, and that con-
cerning the sale and conveyance of the Jordan farm to
Miller and Stabler and by them to Newman, were cir-
cumstances competent to be shown as tending to estab-
lish the conspiracy, and conversations between either of
them and the plaintiff, even in the absence of the others,
were competent and binding upon all of them. The trial
court committed no error in admitting the several items
of evidence objected to.

It is again insisted that the trial court erred in giving
the first, fifth, seventh, eighth and eleventh instructions
on behalf of the plaintiff. It is said the first told the jury

that they should allow such damages to the plaintiff as they thought him entitled to, without any reference to the evidence, and that in assessing the damages they should confine themselves to the difference in value between the Wisconsin land at the time of the exchange or trade and the value at that time, if it had been as represented by the defendants. We do not think this is a fair interpretation of the instruction. As a matter of fact, this instruction, which is numbered 1 in the record, was the second instruction given by the court for plaintiff and expressly refers to the one which just precedes it. The two instructions, read together, stated the law correctly. The so-called first was in no sense, when considered with the preceding one, capable of the construction sought to be placed upon it.

It is insisted that the fifth, seventh and eighth should have been refused, on the ground that there was no evidence before the jury upon which to base them. The fifth is to the effect that if a person recklessly makes false representations of a matter about which he has no knowledge, for the fraudulent purpose of inducing another to rely upon his statements and to make a contract or to do an act to the prejudice of such person who does rely and act upon such representations, suffering injury thereby, the party making the representation is legally liable. The seventh informed the jury that although Stabler was not present when any of the false representations were made to plaintiff, if they were made, or did not himself make such statements, but knew that they had been made and assisted in the transaction or approved the same, he would be equally chargeable with the other defendants. The eighth told the jury that all who aid, command, advise or assist in the commission of a wrongful act by another, or who approve of it after it is done, if done for their benefit, are liable in the same manner as they would be if they had done the same wrongful act themselves. We are of the opinion that

each of these instructions not only laid down correct principles of law applicable to this case, but that there is sufficient evidence in the record upon which to base them. There was no error in giving them.

The eleventh instruction given on behalf of the plaintiff simply advised the jury as to the elements which they might take into consideration in determining the preponderance of the evidence, and after enumerating those elements, directed that from all the evidence, facts and circumstances shown on the trial they should determine on which side is the preponderance. We are unable to see any substantial objection to it. It has frequently been approved, in substance, at least, by this court.

Complaint is also made of the refusal of the trial court to give the ninth, tenth, eleventh, twelfth and fourteenth instructions asked on behalf of the defendants, but no special reasons are pointed out why they, or either of them, should have been given, and on a consideration of the whole record we think the trial court sufficiently and properly instructed the jury as to the law of the case by the instructions given, and committed no error in refusing the five above mentioned.

That plaintiff below was outrageously overreached in the transaction between himself and these parties admits of no doubt. Whether he was guilty of such omission of duty to protect himself, and whether the false and fraudulent representations were made in such manner as to make all three of the defendants jointly liable, were questions of fact depending upon conflicting testimony, and they having been settled adversely to the appellants by the trial and Appellate Courts, there is no substantial merit in the grounds of reversal here urged.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*