[L. A. No. 1549. Department Two.—December 5, 1905.]

## EDNAH J. MENNER, Appellant, v. JOHN R. SLATER et al., Respondents.

CONSPIRACY DEFINED.—An actionable conspiracy exists only where there is an unwarrantable combination of two or more persons to do an unlawful thing.

ID.—SALE OF PROPERTY PENDING SUIT—DEBTOR AND CREDITOR.—An attaching creditor, whose attachment has been discharged for informality, cannot predicate a charge of conspiracy to prevent him from realizing on the judgment recovered in the action in which the attachment was issued from the mere fact that the debtor, after

the discharge of the attachment and before the recovery of judg-
ment, sold the attached property for a valuable consideration to
persons, one of whom was the deputy sheriff who had levied the
attachment, and the other of whom was the keeper of the property.

APPEAL from a judgment of the Superior Court of Los
Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

G. A. Gibbs, for Appellant.

J. C. Willett, and Lee, Scott, Bailey & Chase, for
Respondents.

McFARLAND, J.—A general demurrer to the complaint
was sustained, and judgment rendered for defendants, and
from this judgment plaintiff appeals.

The purpose of the action is to recover of defendants the
sum of $4,165 damages for an alleged conspiracy entered
into by them to prevent plaintiff from collecting a certain
judgment against defendant Horton for the above-mentioned
amount of money. The main averments of the complaint are
as follows: It is averred that plaintiff commenced an action
against defendant Horton to recover of him damages for
violation of certain contracts existing between him and plain-
tiff; that during the pendency of said action she had an
attachment issued and levied upon certain personal property
formerly belonging to the Putnam Furniture Company, a
corporation, but alleged to belong at the time of the attach-
ment to Horton; that said attachment was afterwards, and
before judgment in said action, on motion, "dismissed, upon
the ground of insufficiency of the affidavit"; that after the
discharge of the attachment Horton sold the property for
two thousand dollars to the defendants Slater and Crossman,
who afterwards, and before judgment in said action, sold it
to one Goodspeed. It is averred that the property was of
the value of six thousand dollars, and that afterwards plaintiff
recovered judgment in said action against Horton for four
thousand dollars. There is also something in the nature of
an averment that Horton has no other property, which
respondents claim to be insufficient as an averment of that
fact; but for the purposes of this appeal we will consider

it as sufficient. It is also averred generally that the above acts constituted a fraudulent conspiracy to prevent plaintiff from having her judgment against Horton satisfied on execution out of said property. It is also averred that the writ of attachment above mentioned was placed in the hands of defendant Slater "as deputy sheriff," and was levied by him on the property, and that defendant Crossman was appointed by Slater as keeper of the property. The foregoing—leaving out of view certain general phrases which add nothing to the facts alleged—is a sufficient statement of the contents of the complaint for the purposes of this opinion. Respondents contend that many things claimed to be averred are not averred, and particularly that, under any view, there is no averment of any damage that is not too uncertain and conjectural to be considered; but, under our view, it is not necessary to discuss these contentions.

It is obvious that appellant had no lien of any kind on the property in question at the time it is alleged to have been sold by Horton to the other defendants. The attachment had been discharged. There was no judgment, and of course no execution lien. The appellant was merely a general creditor of Horton. She was in no position to claim any priority of right to the property. She had no lien to lose. Horton was therefore free to sell and the other defendants free to buy the property for a valuable consideration, and a lawful act done by one person does not become unlawful because participated in by another person. An actionable conspiracy exists only where there is an unwarrantable combination of two or more persons to do an unlawful thing. We see nothing in the point made on the attempted averment that Slater was in fact a deputy sheriff. After the discharge of the attachment his functions as the officer who levied the attachment, if he was such officer, were ended. And so it is with respect to the keeper. It must be remembered that the purpose of this action is merely to recover damages for an alleged wrongful act. For these reasons the demurrer was, in our opinion, properly sustained.

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.