[Civ. No. 708.   Second Appellate District.—November 20, 1909.]

MRS. W. G. NEVIN, Respondent, v. C. N. GARY and C. D. POLLOCK, Respondents; and JAMES P. WARD, F. B. CLARKE, JR., and THE PALMS LAND, LIGHT AND POWER COMPANY, a Corporation, Appellants.

FRAUDULENT CONSPIRACY TO OBTAIN MONEY—MISREPRESENTATION AS TO PURCHASE OF LAND—PLEADING—CAUSES OF ACTION NOT MISJOINED.—In an action to recover money, a complaint which alleges a fraudulent conspiracy of defendants to obtain the same under false and fraudulent representations that the money was to be used with theirs in the purchase of land, in which they had in fact no interest, and which they did not intend to purchase, but intended only to cheat and defraud plaintiff out of said money, does not improperly unite causes of action *ex contractu* and *ex delicto,* but shows that the pretended contract was disaffirmed, and the nature of the action is to recover money obtained by fraud and deceit.

ID.—RELIEF AGAINST JOINT WRONGDOERS—JUDGMENT AFTER DEFAULT—APPLICATION TO COURT—PRESUMPTION.—If a cause of action is stated, the plaintiff is entitled to relief from such of the defendants as may be shown to have united or co-operated in doing the plaintiff a wrong; and where, after default of all of the defendants in failing to answer the complaint, a joint judgment was rendered against all of them, which shows an application for such relief to the court, and the granting of the same by the court, it must be presumed in favor of such judgment that the court, upon such application, heard and determined the facts establishing the joint wrongdoing of the defendants.

ID.—SUFFICIENCY OF COMPLAINT—CONSPIRACY—KNOWLEDGE AND PROCUREMENT.—Although the allegation of the conspiracy of the defendants is not the gist of the action, yet such allegation is the equiva-

lent of an allegation that the things done were with the knowledge and procurement of each and all of the defendants engaged in the conspiracy.

Id.—Absence of Direct Averment as to Inducement—Inferential Averment Good After Judgment.—Notwithstanding there is no direct averment that the fraudulent representations induced the plaintiff to enter into the transaction set forth, yet in the absence of a demurrer, where the same was inferentially averred, the pleading will be held good after judgment.

Id.—Sufficiency of Inferential Averment of Inducement.—Under a complaint charging dishonesty and bad faith upon the part of the defendants, and a well-matured and effective scheme to defraud the plaintiff, through the operation of which, without any consideration, money was obtained by them from the plaintiff, who acted thereon in parting with his money, it appears from the complaint by a fair inference that plaintiff intended to allege, and did allege, though defectively, that she relied upon the statements falsely made by the defendants, and that they were the inducements for her to act.

Id.—Implied Belief in Truth of Statements.—If the averment that plaintiff acted upon the representations made by the defendants is the equivalent of reliance thereon, such reliance necessarily implies plaintiff's belief in the truth of the representations thus made.

Id.—Peculiar Application of Rule—Cause of Action—Support of Judgment by Default.—Though in the construction of the pleadings this court has to the fullest extent possible applied the rule sustaining inferential averments, yet the rule that appellate courts will not be overzealous in finding defects in the complaint after trial or judgment has peculiar application to the pleading under consideration, especially in view of the gravity of the charges, and the admission of their truth occasioned by the default. Applying the rules of construction above stated, the complaint states a cause of action against the defendants jointly, sufficient to sustain the judgment by default, within the demand of the complaint.

Id.—Appeal not Subordinate to Relief from Judgment.—An appeal from the judgment is not subordinate to an application for relief therefrom under section 473 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Joseph W. Callahan, for Appellants.

S. S. Sanders, for Plaintiff-Respondent.

C. N. Gary, and C. D. Pollock, for Defendants-Respondents.

ALLEN, P. J.—It is averred in the verified complaint filed by plaintiff that all of the defendants named entered into a conspiracy to cheat and defraud plaintiff and others out of money and property, and in furtherance thereof caused a certain contract to be entered into between plaintiff and the defendants other than The Palms Land, Light and Water Company, by which it was agreed by the subscribers respectively to pay certain sums of money in order to raise a fund for the purchase of certain real property, no part of which fund was payable until $90,000 had been subscribed, and, in that event, twenty-five per cent of the amount subscribed was made payable and the remainder when necessary to complete the purchase. It is averred that said $90,000 was never subscribed and no land was in fact ever purchased, or intended to be purchased, facts well known at all times by the defendants. That C. D. Pollock, one of the said conspirators, represented to plaintiff that said $90,000 had been subscribed for the purchase of said land, and plaintiff, acting upon this information, paid him the sum of $700 upon her subscription. That thereafter F. B. Clarke, Jr., and C. N. Gary, two of said defendants, represented to plaintiff that such full subscription had been raised, and that Pollock, to whom plaintiff had paid $700, had not paid to the syndicate the money paid by plaintiff, and that unless plaintiff paid the further sum of $250 she would forfeit her interest in said syndicate and said contract. That upon said representation, in lieu of paying said $250 demanded, plaintiff executed a promissory note payable to The Palms Land, Light and Water Company (a corporation), which corporation is alleged to have been one of the conspirators, and delivered the same to F. B. Clarke, Jr., one of defendants, as her agent, to be by such agent held as security for the payment of the $250 so demanded until a settlement could be effected as to the original payment of $700, and no other or further consideration was ever received by plaintiff for said note. That said corporation assigned said note, before maturity, to its president, C. N. Gary, who, in turn, indorsed and transferred the same to a bank. That two of the conspirators, one of whom was the president of the corporation and the other the party to whom the $700 was paid, subsequently paid $350 to said

bank as part payment of said note, and the bank instituted suit against plaintiff to recover the sum of $350 and interest, the balance of said note. It is averred that no land was ever purchased, or intended to be purchased, by said syndicate; that while said syndicate had an option for the purchase of land, the same had expired before the $700 was collected from plaintiff, or the note executed, all of which was well known by those receiving the money and the note, and that such false representations were made for the purpose of cheating and defrauding plaintiff. Plaintiff prays judgment for the money paid and the sum of $350 and interest, for which she is liable to said bank. Summons was regularly served upon all of defendants and they all suffered default, and judgment was rendered for the amount claimed in the complaint, on November 11, 1908. Thereafter, on March 29, 1909, notice of appeal from said judgment was given by three of the defendants, Ward, Clarke and the corporation.

Appellants contend that the complaint does not state a cause of action against the corporation, or James P. Ward, nor against the defendants jointly, and that several causes of action *ex contractu* and *ex delicto* are united. It may be observed that no cause of action is based upon the contract, but the same is disaffirmed, and plaintiff, if a cause of action is stated, is entitled to relief for the injury from such of the defendants as she can show have united or co-operated in doing her a wrong. (*More* v. *Finger,* 128 Cal. 319, [60 Pac. 933].) The action is one to recover money obtained from plaintiff by fraud and deceit. Section 585, Code of Civil Procedure, provides that in actions other than those arising from contract, if no answer is filed within the time specified in the summons, the plaintiff may apply to the court for the relief demanded in the complaint. The judgment shows an application for such relief and the granting of the same by the court.

The complaint alleging a conspiracy to do the things complained of, while not the gist of the action, is the equivalent of an allegation that the things done were with the knowledge and procurement of each and all so engaged; and were we to acquiesce in appellants' proposition that the allegation of conspiracy was not a necessary or material one, and the default therefore did not admit the same, yet in support of the judgment it must be presumed that the court, on the ap-

plication of plaintiff for the relief, heard and determined the facts establishing the joint wrongdoing.

It is insisted further that the complaint is defective in that it is not averred that the false and fraudulent representations were the inducements to enter into the transaction. The complaint is most unhappily worded, and can only be said to state a cause of action through the application of the rule that, where a fact is stated only inferentially and no demurrer is interposed, the pleading will be held good after judgment. (*Estate of Behrens,* 130 Cal. 418, [62 Pac. 603]; *Hill* v. *Haskin,* 51 Cal. 175.) And, as said by Mr. Justice Henshaw in *Alexander* v. *McDow,* 108 Cal. 29, [41 Pac. 25]: "While a judgment will not relieve from the entire absence of a necessary averment, it will cure defects in all such averments as may by fair and reasonable intendment be found to have been pleaded, although defectively"; and in which last case it was held that a defective averment might be aided by subsequent statements. The necessity for this is obvious. That one may determine from inference the meaning and force of a word or expression, a consideration of the circumstances under which it is used and the end apparently sought to be obtained is the surest and safest guide. We have before us a complaint charging dishonesty and bad faith upon the part of defendants, and the procurement of money through a well-matured and effective scheme to defraud, through the operation of which, without any consideration, money was obtained from the plaintiff. Considering plaintiff's statements with reference to the frauds practiced and that she acted thereon, we feel able to say that by fair intendment she sought to charge, and by fair inference it may be said she alleged, although defectively, that she relied upon such statements and that they were inducements for her to act. If her statement that she acted upon the representations is the equivalent of reliance, it follows that "a reliance upon the representations of another person in respect of any fact necessarily implies a belief in the truth of the statement thus made." (*Mabry* v. *Randolph,* 7 Cal. App. 426, [94 Pac. 416].) We recognize that in this construction of the pleadings we have gone to the fullest extent possible under the rule, but we feel that the statement in *Cushing* v. *Pires,* 124 Cal. 665, [57 Pac. 572], that appellate courts will not be over-zealous in finding defects in the complaint after trial or judgment, has peculiar appli-

cation to the pleading under consideration, especially in view of the gravity of the charges and the admission of their truth occasioned by the default.

We do not appreciate the force of appellants' contention that it does not appear that the relation of defendants to plaintiff by virtue of the agreement was any other or different from that of any of the other parties to said agreement, and that plaintiff's opportunities for information were not equal to those of the other defendants. This objection, we think, is fully answered by the allegations of the complaint with reference to the scheme to defraud this particular plaintiff and others not implicated in such scheme. We·are of opinion, therefore, that applying the rules of construction above stated, the complaint does state a cause of action against said defendants jointly sufficient to sustain the judgment by default. The judgment was within the demand of the complaint.

There is no merit in respondent's contention that the right of appeal is subordinate to an application for relief under section 473, Code of Civil Procedure.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1910.