[L. A. No. 8861. Department One.—December 17, 1927.]

## MOX INCORPORATED (a Corporation) Appellant, v. FRANK E. WOODS et al., Respondents.

[1] CONSPIRACY — PLEADING — SUFFICIENCY OF COMPLAINT. — In this action for damages alleged to have resulted from a civil conspiracy, it is held that the complaint states a cause of action.

[2] ID. — CAUSE OF ACTION — ELEMENTS.—Elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design; the cause of action is the damage suffered.

[3] ID. — JOINT TORT-FEASORS — LIABILITY FOR DAMAGES.—In such an action, the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tort-feasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.

[4] ID.—LIABILITY OF CONSPIRATORS FOR ACTS OF EACH.—The act of one conspirator during the conspiracy is the act of all if done in furtherance thereof, and each conspirator may be held liable although he committed no overt act and gained no benefit therefrom.

(1) 12 C. J., p. 629, n. 96.    (2) 12 C. J., p. 582, n. 63, p. 586, n. 2, 5.    (3) 12 C. J., p. 610, n. 38.    (4) 12 C. J., p. 611, n. 40.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank C. Collier, Judge. Reversed.

The facts are stated in the opinion of the court.

Pritchard & Daniels for Appellant.

W. E. Lady for Respondents.

2. Definition and nature of and general principles relating to conspiracy, note, 51 Am. Dec. 82. See, also, 5 Cal. Jur. 528; 5 R. C. L. 1065, 1090. Gist of civil action for conspiracy, notes, Ann. Cas. 1914C, 763; Ann. Cas. 1917E, 289.
3. See 5 Cal. Jur. 530.
4. See 5 Cal. Jur. 530; 5 R. C. L. 1063, 1093.

PRESTON, J.—This is an appeal by plaintiff corporation from judgment dismissing from the action certain defendants, following order sustaining general demurrers separately interposed by them, plaintiff having declined to amend. The defendants who had judgment are Frank E. Woods and Nancy E. Woods, husband and wife, and Bank of America, a corporation.

The complaint attempts, and we think successfully, to plead damages as the result of a civil conspiracy, to wit, a conspiracy to inflict damages by wrongful acts. We are not concerned with the question of the ability of the plaintiff to prove the allegations of the complaint, and this would be true even though we could foresee insuperable difficulties in making such proof. We are merely to pass upon the sufficiency of the complaint as a pleading.

The conspiracy charged and the damages alleged may be set forth briefly as follows: Defendants Woods and wife were the owners in 1923 of some 1,540 acres of desert lands in San Bernardino County of a market value not to exceed $17,000. Intending to create a false and fictitious value therefor and to thereby cheat and defraud the public in the sale and disposition of these lands in small tracts, a scheme or joint venture of all defendants was planned whereby they were to receive all the proceeds from such venture and yet not be responsible for any of the losses or liabilities that would surely occur on the eventual dissipation of the real estate bubble. Accordingly the properties were named as the Lenwood Estates. Defendant William Barnard, a man known to all the other defendants to be insolvent, was selected as the manager of said Lenwood Estates, although he was to and did operate under the name of Arizona-California Land Company, a corporation, said company being his *alter ego.* A secret trust agreement was entered into among the defendants by which the lands were to be deeded to defendant Bank of America as trustee, and defendants Woods and wife, former owners of the property, were to be free from liability of any kind in connection with the scheme. Said lands were to be subdivided and prices were fixed for the sale of the various small tracts, which said prices would in the aggregate amount to some $200,000 or more for the entire tract. The whole scheme was from its inception one to cheat and defraud, as

it was never the intention of the defendants to do more than create a fictitious value for said properties and then at the most appropriate time abandon the scheme, divide the receipts, and at the same time escape liability for the losses and outlays. As a part of said plan it was the intention of defendants to make a false showing as to their intended development of said tract, and to that end it was their intention to buy building material and supplies and construct a few improvements on a part of said property, to aid in creating a false belief in the public as to said plans and intentions to develop said tract. The scheme of defendants was successfully carried through. The public was cheated out of thousands of dollars and the creditors and investors of the scheme were left to suffer without redress. Plaintiff was one of said sufferers, having furnished to said Arizona-California Land Company hardware and building material which was used and employed as a part of said scheme. Plaintiff was deceived into believing that the goods were being furnished to a concern which included the owners of the tract and that the owners would be responsible for the goods so furnished. Defendant bank represented to said plaintiff that said owners would be responsible therefor should they be sold and delivered to said concern. The purchase price of said goods was never paid and plaintiff suffered damages as the result of said conspiracy in the amount set forth in said complaint.

[1] There is no escape from the conclusion that the complaint states a cause of action. [2] The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design. The cause of action is the damage suffered. ''It is a general and well-settled principle of law that, where two or more persons are sued for a civil wrong, it is the civil wrong resulting in damage, and not the conspiracy, which constitutes the cause of action. (*Herron* v. *Hughes*, 25 Cal. 555; *Davitt* v. *Bakers' Union*, 124 Cal. 99 [56 Pac. 775]; *Dowdell* v. *Carpy*, 129 Cal. 168 [61 Pac. 948]; *Menner* v. *Slater*, 148 Cal. 284 [83 Pac. 35].) [3] In such an action the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of

the degree of his activity. (*Cohen* v. *Fisher*, 135 App. Div. 238 [120 N. Y. Supp. 546]; *White* v. *White*, 132 Wis. 121 [111 N. W. 1116]; *Miller* v. *John*, 208 Ill. 173 [70 N. E. 27].) A plaintiff is entitled to a joint recovery of damages against such defendants as he can show have united or co-operated in inflicting a wrong upon him. (*Herron* v. *Hughes, supra; More* v. *Finger*, 128 Cal. 313 [60 Pac. 933]; *Nevin* v. *Gary*, 12 Cal. App. 1 [106 Pac. 422].)'' (*Revert* v. *Hesse*, 184 Cal. 295, 301 [193 Pac. 943]; see, also, *Bowman* v. *Wohlke*, 166 Cal. 121 [Ann. Cas. 1915B, 1011, 135 Pac. 37]; 5 Cal. Jur., p. 528, secs. 29–31.) **[4]** The advantage gained in charging a conspiracy is that the act of one during the conspiracy is the act of all if done in furtherance thereof, and thus defendants may be held liable who in fact committed no overt act whatsoever and gained no benefit therefrom (*Revert* v. *Hesse, supra*).

The attorney for respondents has not dignified the cause by the filing of any brief therein and we have had before us only the unanswered arguments and citations of appellant. On the hearing the attorney for respondents was invited to appear. He not only declined to attend the hearing of the cause but also declined to file a brief. ''His blessed assurance'' that all is well has caused us to halt and re-examine the principles controlling this investigation, but after a careful consideration of the whole cause we are constrained to assert that as against a general demurrer the complaint over and again states a cause of action against the said defendants.

The judgment entered in favor of defendants Frank E. Woods, Nancy E. Woods, and Bank of America, a corporation, is therefore reversed.

Curtis, J., and Seawell, J., concurred.