Plaintiff appeals from a judgment of dismissal by the superior court after the demurrers of defendants to his amended complaint were sustained by said court, without leave to amend. *Page 188 
Appellant makes no point of the refusal of permission to amend, and bases his appeal solely on the sufficiency of the complaint.
The action was instituted to recover damages arising from an alleged conspiracy between defendants by means of which the business of defendant H.I. Langworthy, Incorporated, in which corporation appellant claimed to be entitled to an interest, was destroyed.
The facts alleged, upon which the cause of action is based, are pleaded substantially as follows:
That for more than a year prior to September 1, 1927, respondent H.I. Langworthy was the duly authorized distributor of Chevrolet motor cars in the town of Compton, Los Angeles County, and was the sole agent, in said town, of the respondent Chevrolet Motor Company of California, for the sale of Chevrolet automobiles.
That on July 14, 1927, said respondent H.I. Langworthy organized a corporation under the name of H.I. Langworthy, Incorporated. The said corporation had a capital stock of $20,000 divided into 20,000 shares of stock of the par value of $1 each. Articles of incorporation were duly filed with the secretary of state and the corporation received a charter authorizing it to engage in the business of buying and selling automobiles and automobile accessories at wholesale and retail and to do a general automobile repair business in the state of California. H.I. Langworthy and two other individuals, Bart F. Wade and Walter L. Fowler, were named as directors of the corporation thus organized.
That on August 26, 1927, the corporation, upon application to the commissioner of corporations of California, received a permit to issue to respondent H.I. Langworthy 7,500 shares of capital stock of the corporation in exchange for the business and assets of H.I. Langworthy, and on September 1, 1927, H.I. Langworthy transferred all the assets of his business to the corporation in exchange for 7,500 shares of stock of the corporation and there was at that time issued to Walter L. Fowler 2,500 shares of stock of the corporation.
That on December 16, 1927, appellant, on the representation of H.I. Langworthy that the stock in trade of the corporation was of a value in excess of $10,000 and that the interest of Walter L. Fowler could be purchased for $2,500, *Page 189 
agreed to purchase said interest for said sum and paid H.I. Langworthy $1500 as part payment of the purchase price of said interest and at the same time H.I. Langworthy agreed to cause Fowler's stock to be transferred to appellant and that Walter L. Fowler would resign as director of the corporation and that Langworthy would cause appellant to be elected to the office of director of the corporation.
That respondent H.I. Langworthy thereupon purchased Fowler's interest for less than $1500 and Fowler indorsed the stock certificate representing his interest in the corporation in blank and resigned as director of the corporation. Respondent H.I. Langworthy then caused the Fowler stock to be transferred to one Gradoville, an employee of the corporation, who was elected a director of the corporation. Respondent Langworthy represented to appellant that the transfer of stock to Gradoville and his election as a director were only temporary expedients. That, during all the time when appellant was carrying on the negotiations which resulted in his acquisition of the Fowler stock in respondent H.I. Langworthy, Incorporated, the respondent Chevrolet Motor Company of California was insisting that respondent Langworthy secure additional capital to carry on the business of the corporation and in all dealings with appellant the respondent H.I. Langworthy acted with the advice and encouragement of said Chevrolet Motor Company of California; that thereafter and on December 31, 1927, respondent Chevrolet Motor Company of California delivered to the respondent H.I. Langworthy, Incorporated, four Chevrolet motor cars on which payment of $1,000 was due; that on said date appellant paid to the respondent H.I. Langworthy, Incorporated, an additional sum of $1,000, which sum was used to pay the respondent Chevrolet Motor Company of California for the automobiles thus delivered to the corporation, but that the shares of stock which appellant had agreed to purchase for the sum of $2,500 were never transferred to appellant nor was he ever elected to the office of director of H.I. Langworthy, Incorporated, and that appellant never received any consideration for the money which he paid.
That on March 12, 1928, respondents Chevrolet Motor Company of California, H.I. Langworthy and H.I. Langworthy, Incorporated, conspired together to make it appear that H.I. Langworthy, Incorporated, did not have sufficient capital to carry on the agency for the sale and distribution *Page 190 
of Chevrolet Motor Cars and that the agency should be terminated to enable respondent Chevrolet Motor Company of California to appoint a new agent without incurring any liability to respondent H.I. Langworthy, Incorporated, and that pursuant to said conspiracy and to effectuate its purpose, the respondent, Chevrolet Motor Company of California, on March 12, 1928, wrongfully and unlawfully removed from the place of business of H.I. Langworthy, Incorporated, the four Chevrolet Motor Cars theretofore delivered to said corporation, for which the Chevrolet Motor Company of California had received the sum of $1,000 paid by appellant, and wrongfully and unlawfully converted said automobiles to its own use; that about the same time respondent H.I. Langworthy, acting with the consent and upon the advice of the respondent Chevrolet Motor Company of California, and in pursuance of the conspiracy, stopped payment on a check drawn by respondent H.I. Langworthy, Incorporated, in favor of General Motors Acceptance Corporation; that at said time the respondents induced the Compton National Bank to bring suit on a past due note of respondent H.I. Langworthy, Incorporated, and to attach all assets of the said corporation to secure payment of said note; that in pursuance of the conspiracy respondent H.I. Langworthy permitted judgment to go against respondent H.I. Langworthy, Incorporated, by default and all of its assets to be sold to satisfy the judgment. And the respondent Chevrolet Motor Company of California, pursuant to the conspiracy and with the consent of respondent H.I. Langworthy and without authority of H.I. Langworthy, Incorporated, canceled the agency of H.I. Langworthy, Incorporated, whereby the business of H.I. Langworthy, Incorporated, was completely destroyed and all the corporate assets were lost; that all of the acts of the said respondents were malicious and done with the intent and purpose of evading liability to appellant for the money expended by him under his agreement to purchase Fowler's interest in H.I. Langworthy, Incorporated.
That although appellant invested the sum of $2,500 in stock of H.I. Langworthy, Incorporated, with the understanding and agreement that he should succeed to the interest of Walter L. Fowler and become a director of said respondent corporation, he did not in fact become such director *Page 191 
and the act of respondent H.I. Langworthy in the surrender of the automobile agency was unauthorized by respondent H.I. Langworthy, Incorporated.
From the foregoing averments, it is clear that appellant has attempted to allege a conspiracy between respondents to defraud him of the interest in H.I. Langworthy, Incorporated, which he had agreed to purchase and for which it is alleged he had in fact paid the agreed purchase price.
[1] Conspiracy is not actionable unless the combination results in the perpetration of an unlawful act or of some injurious act by unlawful means. (Moropoulos v. C.H. O.B.Fuller Co., 186 Cal. 679, 683 [200 P. 601]; Menner v.Slater, 148 Cal. 284 [83 P. 35].) [2] The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design. (Mox,Incorporated, v. Woods, 202 Cal. 675, 677 [262 P. 302].)
[3] An analysis of the facts hereinabove narrated fails to disclose the perpetration by the alleged conspirators of an unlawful act or of an injurious act by unlawful means. It is not alleged that appellant was induced to purchase the stock as a result of the conspiracy or that appellant failed to receive the interest in the respondent corporation which he purchased as a part of the plan of the conspiracy. It is charged that H.I. Langworthy alone brought about the purchase of the stock and that it was through his dereliction alone that the stock was not issued to appellant and that appellant was not made a director in the respondent corporation. It is alleged that respondent Chevrolet Motor Company of California was, during all of the time when appellant was negotiating for the purchase of stock in H.I. Langworthy, Incorporated, and after he had agreed to buy said stock, insisting that respondent H.I. Langworthy should secure additional capital and that in all dealings between appellant and respondent H.I. Langworthy the latter acted with the advice and encouragement of the former. But this was neither unlawful nor did it amount to an injurious act accomplished unlawfully. There was nothing unlawful or injurious about the delivery of the four Chevrolet automobiles to H.I. Langworthy, Incorporated, by the Chevrolet Company of California. There was nothing unlawful in the *Page 192 
inducement by the alleged conspirators, of the action instituted on the past due note by the bank that owned it, and while the bringing of the suit may have resulted injuriously to H.I. Langworthy, Incorporated, it was not, so far as appears, brought about by unlawful means. It can hardly be maintained that permitting judgment in the suit to go by default was unlawful, since it is alleged that the note was overdue. Neither can it be maintained that there was anything unlawful in permitting the assets of H.I. Langworthy, Incorporated, to be sold on execution to satisfy an obviously just judgment. Stopping payment on the check drawn by H.I. Langworthy, Incorporated, which is alleged to have been done in pursuance of the conspiracy, was not of itself an unlawful act, nor can it be discovered from the allegations of the complaint that any injury was occasioned thereby to appellant. It is alleged that as a part of the plan of the conspiracy to destroy the business of H.I. Langworthy, Incorporated, the Chevrolet Motor Company of California on March 12, 1928, wrongfully and unlawfully took and removed the four Chevrolet automobiles delivered to H.I. Langworthy, Incorporated, on December 31, 1927, partial payment for which had been made by H.I. Langworthy, Incorporated, from the final payment of $1,000 made by appellant for purchase of stock in H.I. Langworthy, Incorporated, and that the Chevrolet Motor Company of California wrongfully converted the automobiles to its own use. It is also further alleged that pursuant to the conspiracy and with the consent of respondent H.I. Langworthy, and without the consent of H.I. Langworthy, Incorporated, respondent Chevrolet Motor Company of California canceled the agency of H.I. Langworthy, Incorporated, for the sale and distribution of Chevrolet automobiles in the town of Compton, whereby the business of H.I. Langworthy, Incorporated, was entirely destroyed, and that the various acts of respondents in carrying out the conspiracy were done maliciously and with the intent of evading liability to appellant for the money paid by him under his agreement to purchase an interest in H.I. Langworthy, Incorporated. With respect to the alleged seizure and conversion of the four Chevrolet automobiles, it may be conceded, for the purposes of this case, that it resulted in injury to H.I. Langworthy, Incorporated, and that the allegations of the complaint show that it *Page 193 
was accomplished unlawfully, but since it does not appear that appellant was a stockholder or the owner of any interest in H.I. Langworthy, Incorporated, the averments of the complaint fail to indicate that appellant was injured thereby. The same reasoning applies to the cancellation by the Chevrolet Motor Company of California of the agency which H.I. Langworthy, Incorporated, had for the distribution of Chevrolet automobiles in the town of Compton. It may be conceded that the allegations of the complaint are sufficient to show that by taking away the agency, the respondent Chevrolet Motor Company of California accomplished the complete destruction of the entire business of respondent H.I. Langworthy, Incorporated, and that this manifestly injurious act was accomplished unlawfully, but this does not make out a case of injury sustained by appellant through the unlawful combination of respondents. There are no allegations in the complaint indicating that appellant had any interest in the business of H.I. Langworthy, Incorporated. Indeed, when the whole story is told, it is clear that appellant's complaint is that he bought and paid for stock in H.I. Langworthy, Incorporated, which he did not receive. But he made this agreement with H.I. Langworthy and paid the greater part of the purchase price directly to H.I. Langworthy. There is no pretense that respondent Chevrolet Motor Company of California or the corporation of H.I. Langworthy, Incorporated, had anything to do with the making of the agreement for the purchase of the stock. There is, to be sure, an allegation that H.I. Langworthy, Incorporated, was a one-man corporation, controlled and operated by H.I. Langworthy, but other allegations of the complaint negative this statement, for it appears that two other individuals owned stock in H.I. Langworthy, Incorporated, and that one of these individuals, Fowler, had a substantial interest in H.I. Langworthy, Incorporated. Furthermore, if it be conceded that appellant's contention that H.I. Langworthy, Incorporated, was in fact the mere corporate double of H.I. Langworthy, who dominated and controlled it, the complaint is fatally defective in that there is no allegation that the Chevrolet Motor Company of California participated in any way in the fraud alleged to have been perpetrated upon appellant. It follows, therefore, that the complaint, drawn as it is on the theory of actionable conspiracy, does not meet *Page 194 
the test required of such an action. (Moropoulos v. C.H. O.B. Fuller Co., supra.)
The judgment is affirmed.
Barnard, P.J., and Marks, J., concurred.