[Civ. No. 13162.   Second Dist., Div. Two.   Oct. 20, 1941.]

C. E. SWEELEY, Appellant, v. SAMUEL E. GORDON et al., Defendants; LOUIS NEUBEISER, Respondent.

W. W. Comstock for Appellant.

Gerard Remington for Respondent.

WOOD, J.—Plaintiff commenced this action against defendant Louis Neubeiser and Samuel E. Gordon to recover a commission alleged to have been earned in the sale of an apartment house owned by defendant Gordon. The demurrers of the defendants were sustained without leave to amend. In this appeal plaintiff has appealed from the judgment of dismissal as to defendant Neubeiser. On a separate appeal prosecuted by plaintiff as to defendant Gordon this court has on this day rendered judgment affirming the judgment of the lower court. The facts alleged in plaintiff's complaint are set forth in the opinion filed in the appeal as to defendant Gordon [ante, p. 381 [118 Pac. (2d) 14].

Defendant Gordon was the owner of the property for the sale of which plaintiff claims that he is entitled to a commission. Plaintiff alleged that he "produced" defendant Neubeiser as a purchaser at the price of $68,500 but that Neubeiser purchased the property directly from Gordon for the sum of $66,000. It is claimed that Neubeiser thereby profited to the extent of $2500 by purchasing directly from the owner and that Gordon was enabled to profit to the extent of $925 by selling directly to Neubeiser. It is alleged in the complaint that the defendants "entered into a conspiracy whereby the said Louis Neubeiser should buy said property from the other defendants without the knowledge of plaintiff for the purpose of depriving plaintiff of any profit or commission in the making of said sale. . . . "

The court did not err in sustaining the demurrers. Gordon had the legal right to sell directly to Neubeiser, who in turn had the legal right to purchase directly from Gordon. Plaintiff's claim against Neubeiser is based on a charge of conspiracy between the two defendants, but conspiracy to be actionable must result in the perpetration of an unlawful act or some injurious act by unlawful means. (*McIntire* v. *Chevrolet Motor Co.*, 115 Cal. App. 187, 191 [1

Pac. (2d) 40].) Plaintiff's allegations do not meet the requirements of this rule.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 12, 1941, and the following opinion thereupon rendered:

THE COURT.—Appellant's petition for a rehearing is denied. In the brief filed by respondent before the rendition of our decision it is stated that "the complaint alleges a conspiracy between the seller and the buyer . . . ". Respondent based his argument on the allegations of a conspiracy contained in the original complaint. ■ Appellant did not file any reply brief but he now calls our attention to the fact that an amended complaint was filed in which his cause of action was based upon allegations that Neubeiser wrongfully induced Gordon to violate his contract with plaintiff and to assert the invalidity of the contract because of the failure to comply with the statute of frauds. Gordon had the legal right to stand upon the statute of frauds and Neubeiser did not become liable in damages to plaintiff if he did in fact induce Gordon to stand upon his legal rights.

Appellant's petition for a hearing by the Supreme Court was denied December 18, 1941.